Edward W. and Ruth S. St. John v. Commissioner.
St. John v. Commissioner
Docket No. 1369-69-SC.
United States Tax Court
T.C. Memo 1970-142; 1970 Tax Ct. Memo LEXIS 216; 29 T.C.M. (CCH) 621; T.C.M. (RIA) 70142; June 8, 1970, Filed Edward W. St. John, pro se, 8246 Manchester Dr., Grand Blanc, Mich., Gary F. Walker, for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioners' 1966 Federal income tax in the amount of $47.47. The issues for our decision are: (1) whether certain "Articles of Agreement for Warranty Deed" dated August 2, 1960 effected a sale or lease of property, and (2) whether petitioners realized unreported interest income in the amount of $775.65. All of the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioners Edward W. and Ruth S. St. John, husband and wife, legally resided in Grand Blanc, Michigan at the time of the filing of the petition herein. They filed their joint 1966 Federal income tax return *217 with the district director of internal revenue at Columbia, South Carolina. Petitioners purchased a residence in Lake Zurich, Illinois in 1956. In 1959, petitioner Edward was transferred by his employer from Illinois to Texas and the petitioners moved out of their Lake Zurich residence. In 1960, the residence was rented, but the tenant subsequently moved out owing several months' rent. Petitioners engaged the services of a real estate broker to sell the property. On August 2, 1960 the petitioners entered into an agreement with Gene and Carol M. Mosier (Mosiers) entitled "Articles of Agreement for Warranty Deed, Form 75," which provided in pertinent part as follows: * * * if the party of the second part [Gene Mosier and Carol M. Mosier, his wife] shall first make the payments and perform the covenants hereinafter mentioned * * *, the said party of the first part [Edward W. St. John and Ruth St. John, his wife] hereby covenants and agrees to convey and assure to the said party of the second part, in fee simple, clear of all incumbrances whatever, by a good and sufficient Warranty Deed, the lot, piece, or parcel of ground, situated in the County of Lake and State of Illinois *218 known and described as Lot 13 in Mienske's Second Subdivision. A part of the N.W. i/4, Section 20, Township 43 North, Range 10, East of the 3rd P.M. Lake County, Illinois, and the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of $16,000.00 Sixteen Thousand and no/100 Dollars in the manner following: One Thousand and no/100 ($1,000.00) Dollars on execution hereof, receipt of which is hereby acknowledged and the balance of Fifteen Thousand and no/100 ($15,000.00) Dollars payable as follows; One Hundred and no/100 ($100.00) Dollars or more the Fifteenth day of September, 1960 and One Hundred and no/100 ($100.00) Dollars or more the Fifteenth day of each and every month thereafter until fully paid. Payment will include interest at Six (6) percent per annum on the whole amount of principal sum remaining from time to time unpaid. Purchaser shall pay at the same time an additional Twenty Five ($25.00) Dollars per month to be held in reserve for Taxes and Insurance. In the event Taxes should increase, the Purchaser shall pay an additional amount to cover the increase. Purchaser shall have prepayment privilege without penalty with *219 interest at the rate of Six (6) per centum per annum payable Monthly on the whole sum remaining from time to time unpaid, and to 622 pay all taxes, assessments, or impositions that may be legally levied or imposed upon said land, subsequent to August 19, 1960. And in case of the failure of the said party of the second part to make any of the payments, or any part thereof, or perform any of the covenants on Purchaser's part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by Purchaser's on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by Seller's sustained, and Seller's shall have the right to re-enter and take possession of the premises aforesaid. 5% Brokers commission to be paid by Seller. It is Mutually Agreed By and between the parties hereto, that the time of payment shall be of the essence of this contract; and that the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators *220 and assigns of the respective parties. * * * Pursuant to the agreement, the Mosiers have paid the sum of $125 to the petitioners from September 15, 1960 to December 31, 1966 on or before the fifteenth of each month except for two late payments due December 15, 1965 and January 15, 1966. At no time have the petitioners elected to rescind the agreement, nor have petitioners ever asserted their right to reenter and take possession of the premises. The petitioners paid $800 as a commission to the real estate broker pursuant to the agreement. The agreement was filed in the Recorder's Office at the Lake County Court House in Waukegan, Illinois. During 1966 the records there indicate legal title to be in the name of the petitioners. Also during 1966, petitioners were billed for taxes and insurance in the respective amounts of $409.16 and $49. Pursuant to the agreement the monthly payments made by the Mosiers in 1966 were allocated to principal, interest, taxes and insurance. The total allocated to interest during 1966 was $775.65. In their 1966 joint tax return the petitioners reported $1,500 as rental income and took the following deductions: Depreciation
$ 516.00
Taxes
409.16
Mortgage interest
339.95
Fire insurance 49.00
$1,314.11
*221 This resulted in net rental income of $185.89. The Commissioner determined that of the $1,500 rental income, $775.65 was interest income, $300 was an escrow deposit for taxes and insurance, and $424.35 was a return of capital, since he viewed the August 2, 1960 agreement as a land sale contract. The Commissioner, therefore, disallowed all of the claimed expenses except the interest on the mortgage of $339.95 and increased petitioners' taxable income by the amount of interest income of $775.65. We must decide the proper treatment for income tax purposes of monies received by petitioners under the "Articles of Agreement for Warranty Deed" executed August 2, 1960. Petitioners contend the agreement effected a rental of the premises and that certain deductions are allowable in arriving at net rental income. The Commissioner contends the agreement effected a sale of the residence under a conditional sales contract and that a portion of the monies received is interest income, taxable under section 61, I.R.C. 1954. We agree with the Commissioner's determination that the agreement is a conditional sales contract for the Lake Zurich residence. The distinction between a lease and conditional *222 sale was stated by this Court in Truman Bowen, 12 T.C. 446, 459 (1949), citing In re Rainey, 31 F. 2d 197: A lease contemplates only the use of the property for a limited time and the return of it to the lessor at the expiration of that time; whereas, a conditional sale contemplates the ultimate ownership of the property by the buyer, together with the use of it in the meantime. In upholding the Commissioner's determination we have carefully considered the agreement as drawn and the circumstances existing at that time. We will recite some of the factors which led us to our decision. First, there is no time specified in the agreement when the premises will revert to the petitioners except upon default of the purchasers. Meanwhile the Mosiers are given the right of possession and enjoyment and a warranty deed upon full payment of the price specified. Second, all references to the parties are as Purchaser and Seller. There is no mention of landlord and tenant. 623 Third, there is a prepayment privilege of the purchase price which seems inconsistent with a rental agreement. Fourth, the agreement itself is one consonant with a land sale transaction, *223 containing terminology usually associated with sales of property such as "time of payment shall be of the essence;" "fee simple." In addition the agreement speaks of conveying the premises by warranty deed upon full payment and requires the Mosiers to make monthly payments specifically for taxes and insurance. These factors convince us that the agreement effected a sale of the property and not a lease. Accordingly, petitioners are not entitled to any deductions as rental expenses. As to the monies received under the agreement, the parties have stipulated that $775.65 represents interest received from the Mosiers during 1966 as specified under the agreement of August 2, 1960. Since interest is includable in gross income under section 61, and petitioners failed to report this amount as such, we hold the $775.65 includable in their 1966 income. Accordingly, Decision will be entered for the respondent.